IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN W. SHATNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 13-cv-704-SMY-PMF |
| MIKE ATCHISON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is a motion for summary judgment filed by Defendants Mike Atchison, Timothy Veath and Richard Harrington (Doc. 69). Plaintiff Darrin Shatner is challenging the conditions of his prison confinement. He alleges that Atchison and Harrington delayed prescribed medical treatment of his ingrown toenails for more than one year in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. While Veath was initially a party and movant, he has since been dismissed (Doc. 84). The motion is opposed (Doc. 70).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

The Court of Appeals has summarized the law applicable to Plaintiff's medical care claim:

> [To] prevail on his medical claim, Mr. Pyles was required to make two showings. First, he needed to demonstrate that he suffers from an objectively serious medical condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A medical condition is objectively serious if a physician has diagnosed it as requiring

> treatment, or the need for treatment would be obvious to a layperson. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Second, Mr. Pyles had to demonstrate that Dr. Fahim knew about his condition and the risk it posed, but disregarded that risk. *Arnett*, 658 F.3d at 751. Something more than negligence or even malpractice is required. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

*Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

## Objectively Serious Medical Need

The defendants suggest that Plaintiff has not proffered evidence to support a finding that prescribed treatment of ingrown toe nails qualifies as a serious medical need. Without citing to facts in the record, they maintain that Plaintiff's ailment was the type that did not typically need medical attention (Doc. 70, p. 6).

Plaintiff has pointed to facts, gleaned from his own testimony and medical records, which could rationally support a finding in his favor on this element of proof. He describes a recurring ailment that was sufficiently painful to interfere with his ability to put on shoes, walk, sleep and stand (Doc. 80, p.3). When he had the opportunity to see medical professionals, they diagnosed his condition and ordered or provided forms of treatment to relieve his symptoms (Doc. 80, p. 2; Doc. 70-2, pp. 13-14, 18, 24, 45-47). A reasonable jury could conclude that Plaintiff's ailment was significant in that it had been assessed by a physician as mandating treatment or that the need for a doctor's attention would be obvious to a layperson. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Thus, this argument for summary judgment fails.

## Deliberate Indifference

The Defendants also argue that they did not respond to Plaintiff's need for medical treatment of ingrown toenails with deliberate indifference. On this element of

2

proof, the Court looks for facts that would show that these Defendants acted or refused to act with a sufficiently culpable state of mind. That is, the defendants must be aware of a substantial risk of serious harm and disregard the risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno*, 414 F.3d at 653.

On this point, Defendants assert that they are not medical professionals and that they opted to rely on medical professionals to attend to Plaintiff's medical needs (Docs. 70-3, 70-4). In response, Plaintiff does not suggest that the defendants should have given him medical treatment themselves – he presents facts showing that he was not called to the health care unit to receive prescribed medical treatment because of an unwritten policy, implemented by the defendants, to restrict or eliminate inmate movement during lockdowns that were practically continuous (Doc. 80, pp. 2-5). While Defendants suggest otherwise, Plaintiff's testimony, testimony from a witness and medical records could rationally support findings that (1) Shatner's personal access to prescribed treatment was delayed during lockdowns and (2) his symptoms of pain were exacerbated as a result of those extensive delays (Docs. 70-3, p. 2; 70-2, p. 3-4, 23, 25, 28; 70-6, p. 19; Doc. 80). Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

The evidence from both sides creates a factual dispute regarding the knowledge that may properly be attributed to these defendants. Harrington and Atchison deny having personal knowledge of Plaintiff's medical issues (Doc. 70-3, p. 1; Doc. 70-4, p. 1). On the other hand, Plaintiff describes a personal conversation as well as

3

correspondence mailed to both as evidence of Defendants knowledge (Doc. 70-6, pp. 11-12, 17-18).  While this may present a relatively thin basis for liability, Plaintiff can present enough evidence suggesting personal knowledge to survive summary judgment.

## Qualified Immunity

Lastly, the defendants seek a ruling in their favor on the qualified immunity defense.  In considering whether either Defendant is entitled to qualified immunity, the Court considers (1) whether the defendant violated plaintiff's constitutional rights and (2) whether that right was clearly established at the time of the violation.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

As discussed above, Plaintiff provides some factual support for both elements of proof of deliberate indifference.  The defendants' discussion of the second element of the qualified immunity defense – whether the right was clearly established at the time – presupposes that the claim requires Defendants to "search every individual inmate's medical files" and "compel a medical professional to act."  These comments do not reflect an accurate understanding of Plaintiff's claim.

Shatner's claim is not based on dissatisfaction with medical care he actually received but on interference with prescribed care (foot soaks/toenail excision) by those who enforced policies restricting his movements to the health care unit.  The Court of Appeals recently referred to interference with prescribed treatment as "a well-recognized example of how nonmedical prison personnel can display deliberate indifference to inmates' medical conditions." *McDonald v. Hardy*, 821 F.3d 882, 890 (7th Cir. 2016).  Based on the facts and evidence existing in the record, the undersigned is not persuaded

that Defendants are entitled to judgment in their favor on their qualified immunity defense.

## Sovereign Immunity

The Defendants also seek judgment in their favor on official capacity claims for damages. This position is moot, as the materials on file show that Plaintiff is proceeding against these defendants in their individual capacities, not their official capacities.

## Conclusion

Defendants' Motion for Summary Judgment (Doc. 69) is **MOOT** as to Timothy Veath and **DENIED** as to Richard Harrington and Mike Atchison.

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**