# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN SHATNER, B42950, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-00704-RJD |
| | ) |
| MIKE ATCHISON and | ) |
| RICHARD HARRINGTON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion in Limine (Doc. 126) and Defendants' Motion in Limine (Doc. 120). Plaintiff filed a response (Doc. 127) to Defendants' motion and Defendants filed a response (Doc. 130) to Plaintiff's motion. Defendants also filed a reply to Plaintiff's response. (Doc. 129). The motions in limine are hereby granted in part and denied in part.

**A. Plaintiff's Motion in Limine**

Plaintiff's motion in limine includes six subparts. Each will be addressed in turn.

    **a. Motion to Prohibit Reference to Mr. Shatner as "Inmate Shatner" or Similar Names**

Plaintiff moves to require that defense counsel address him as "Mr. Shatner" and not "inmate" or "prisoner." Plaintiff argues that referring to him as "inmate" or "prisoner" would be unduly prejudicial. Defendants do not oppose this motion, "to the extent they are able to control the testimony of their witnesses." Plaintiff's motion is granted, Defendants shall make reasonable efforts to avoid referring to Plaintiff as "inmate" or "prisoner."

1

### b. Motion to Prohibit Evidence of Crimes for Which Mr. Shatner is Incarcerated

Plaintiff moves to exclude any evidence or testimony regarding the nature of his criminal offenses, including the length of his sentence. Defendants oppose Plaintiff's motion, arguing that Shatner's convictions are admissible under Federal Rule of Evidence 609(a)(1) to attack his credibility. Defendants also argue that they should be permitted to present evidence of Shatner's convictions and length of sentence to establish "the extent of their familiarity with him."

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Shatner that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. According to the Illinois Department of Corrections Offender Search website,[1] Shatner is serving a life sentence for armed robbery, arson and murder. This lawsuit concerns medical treatment (or lack thereof) Shatner received while at Menard Correctional Center. Plaintiff's motion in limine is therefore granted in part and denied in part. Defendants may introduce evidence that Shatner has been convicted of a felony and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants may also introduce evidence of the length of time he has already spent at Menard

---

[1] Illinois Department of Corrections Offender Search website, https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last accessed November 13, 2017).

Correctional Center. Defendants shall not introduce evidence identifying the specific crimes for which he is incarcerated.

### c. Motion to Prohibit Evidence of Others' Crimes

Shatner seeks to exclude evidence of third party witnesses' arrests and conviction records. Shatner argues that the probative value of such evidence is substantially outweighed by the danger of prejudice. Defendants oppose Shatner's motion, arguing that they should be allowed "to present evidence of arrests and conviction records involving felonies or admissions of dishonesty or untruthfulness to impeach witness credibility."

Shatner's motion is granted in part and denied in part. Defendants may introduce evidence that the third party inmate witnesses have been convicted of a felony and are incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which the third party witnesses are incarcerated.

### d. Motion to Prohibit Evidence of Other Civil Litigation

Shatner moves to bar Defendants from introducing evidence of other litigation he has filed. Shatner has filed other prisoner civil rights lawsuits against Illinois Department of Corrections employees, including *Shatner v. Atchison et al.,* Case No. 3:13-cv-00599-NJR-RJD (S.D. Ill.), currently pending in this District Court. Shatner argues that his other lawsuits have little, if any, probative value and that it would be unfairly prejudicial if Defendants were permitted to introduce such evidence. Defendants object to Shatner's motion. Defendants argue that Plaintiff may have knowingly filed fabricated or falsely obtained statements in the above mentioned case, and possibly this matter. Additionally, Defendants argue that they should be allowed "to present evidence of Plaintiff's other lawsuits where the defendants prevailed for lack

of personal knowledge or involvement, to show that Plaintiff recognizes when liability will not attach to a prison official." However, Defendants note, "[u]ltimately, though, evidence of other lawsuits involving either Plaintiff or Defendants is irrelevant and should be summarily barred."

The Court agrees that Shatner's litigation history is of little relevance to this lawsuit. Moreover, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and the strong likelihood that it would waste time and mislead the jury. His motion shall therefore be granted.

### e. Motion to Prohibit Evidence of Mr. Shatner's Religious Beliefs

Shatner states that prison employees have accused him of being a devil worshipper and a Satanist due to his astrological beliefs and work with tarot cards. He therefore asks that the Court prohibit evidence or argument regarding his religious beliefs. In their response to Shatner's motion, Defendants state they "[m]ay present evidence or testimony regarding Plaintiff's religious beliefs, but only to establish the extent of their familiarity with him. Beyond this limited purpose, Defendants do not oppose this motion and do not intend to offer such evidence unless Plaintiff opens the door for it."

Shatner's motion to exclude evidence of his religious beliefs is hereby granted. However, Defendants may mention his religious practices if such testimony or evidence is necessary to provide context for showing Defendants' familiarity with Shatner.

### f. Motion to Wear Civilian Clothing

Shatner's last motion in limine is a request that he be allowed to wear civilian clothing and to be seated with counsel at trial. He also requests that he not be handcuffed during trial and for the Court to "issue an order specifying appropriate locations for marshals or other security personnel around him in the presence of the jury so as to avoid undue prejudice." Defendants do

not oppose Shatner's request to wear civilian clothing, but they do oppose the entry of an order specifying the placement of security personnel. Because they are dealing with a convicted felon, Defendants ask that the correctional officers escorting Shatner be given discretion in regards to security matters.

Shatner's motion is hereby granted in part and denied in part. Shatner shall be permitted to wear civilian clothing during the course of the trial. Security permitting, Shatner will also be unhand-cuffed during the course of the trial and any leg shackles will be obstructed from the view of the jury. However, Shatner's request for an order setting forth the placement of security personnel is denied. During the course of the trial, the Court will coordinate with the U.S. Marshals, the Illinois Department of Corrections and Plaintiff's counsel to set forth a suitable arrangement.

**B.** **Defendants' Motion in Limine**

Defendants' motion in limine also includes six subparts. Each will be addressed in turn.

**a. The Court should prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify Defendants**

Pursuant to the Illinois State Employee Indemnification Act, 5 ILCS 350/0.01 *et seq*., the Defendants are indemnified for any damages, attorney's fees and costs awarded to Plaintiff in this matter. The Defendants seek to preclude Shatner from offering evidence or otherwise suggesting that they are indemnified by the State of Illinois. Shatner "agrees that such information is generally improper," but would like to reserve the right "to introduce this evidence should Defendants open the door."

The Seventh Circuit has observed that evidence of indemnification, insurance, or other payments received from collateral sources is generally inadmissible on the subject of damages.

*Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). Defendants' motion shall therefore be granted. However, if Defendants "open the door" on the indemnification issue through testimony as to their financial situation, or that an adverse judgment would impose a financial hardship, Plaintiff may introduce evidence that the State of Illinois has indemnified the Defendants.

### b. The Court should prohibit Plaintiff from offering evidence or testimony of other lawsuits involving any of the Defendants

Defendants seek to exclude evidence of other lawsuits filed against them. Defendants state that inmates are particularly litigious and that the danger of unfair prejudice, misleading the jury and confusing the issues far outweighs the probative value of introducing such evidence. Shatner opposes Defendants' motion. Shatner argues evidence of other lawsuits "tends to prove, or supports the assertion, that [Defendants] had the requisite state of mind to consciously disregard Plaintiff's health." In other words, Shatner asserts that Defendants' other lawsuits are not being used as Rule 404(b) character evidence, but "to show Defendants' state of mind, intent, and absence of mistake or accident[.]" Because the Defendants have been accused of deliberate indifference in the past, Shatner argues that "they are or should be on notice as to what type of serious medical needs might or might not result in litigation."

Although evidence of prior lawsuits may be slightly probative as to whether Defendants were on notice of deficiencies in health care services at Menard Correctional Center, the value of such evidence is vastly outweighed by the danger that it would mislead or confuse the jury. If evidence of the Defendants' other litigation would be introduced, the Defendants would be afforded an opportunity to respond. This would create a "trial within a trial" situation where the parties would be arguing the merits of other Menard Correctional Center prisoner civil rights

cases. Moreover, jurors may construe Defendants' litigation history as evidence that Defendants have a tendency to violate prisoners' constitutional rights. Alternatively, jurors may view Defendants' lengthy litigation history as evidence that prisoners are overly litigious. Either way, jurors would likely construe Defendants' litigation history as character evidence, thereby running afoul of Rule 404. As such, Defendants' motion in limine to exclude evidence of other lawsuits is granted. Shatner shall be prohibited from introducing evidence of other lawsuits involving the Defendants.

### c. The Court should prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against any of the Defendants

Defendants move the Court to prohibit reference "to any previous misconduct, or inquiries regarding, reprimands received by Defendants or grievances filed against Defendants as irrelevant." In Shatner's response to Defendants' motion, he states that the only evidence of Defendants' previous misconduct that arose in the discovery process is that Defendant Harrington once had an expired driver's license. Shatner also states that he opposes Defendants' motion, but it is not clear which evidence of misconduct he would like to present.

Defendants' motion is granted in part and denied in part. Shatner may introduce any IDOC prisoner grievances he submitted against the Defendants. However, any reports drafted by IDOC officials detailing Defendants' misconduct shall be excluded. If any official reports of misconduct exist against the Defendants that specifically pertain to the issues in this lawsuit, the Court will consider reexamining the issue.

### d. The Court should prohibit Plaintiff from offering evidence or testimony referencing any "Golden Rule" appeal

A "golden rule" argument is "one which the jury is asked to put itself in the plaintiff's position[.]" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). Courts have consistently held that golden rule arguments are improper because they ask jurors to "depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id.* (*quoting Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). Examples of golden rule arguments include:

> (1) to ask jurors how much the loss of the use of their legs would mean to them, *Leathers v. Gen. Motors Corp.*, 546 F.2d 1083, 1085–86 (4th Cir.1976); (2) to tell jurors "do unto others as you would have them do unto you," *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53, 54 (7th Cir.1959); or (3) to tell jurors, in a reverse golden rule argument, "I don't want to ask you to place yourself in [the plaintiff's] position," *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir.1982).

*Caudle v. D.C.*, 707 F.3d 354, 359 (D.C. Cir. 2013). Because such arguments are improper, Defendants' motion in limine prohibiting Plaintiff referencing any golden rule argument shall be granted.

### e. The Court should prohibit Plaintiff from offering evidence or testimony referencing Illinois Administrative Code and Illinois Department of Corrections Administrative Directives regarding facility lockdown procedures

Defendants seek to exclude IDOC regulations and IDOC Administrative Directives regarding prison lockdown procedures. Defendants argue that state law (including state agency regulations and procedures) does not set forth the applicable standards for determining whether a constitutional violation occurred, therefore, introducing such evidence at trial would be unfairly

prejudicial and only serve to confuse the jury. Shatner opposes Defendants' motion, arguing that the IDOC lockdown regulations and directives will instruct the jurors as to how prison lockdowns affect inmates. Shatner notes that any confusion regarding the difference between constitutional standards and administrative policies will be remedied by the jury instructions, specifically Seventh Circuit Civil Pattern Instruction 7.04. Additionally, Shatner argues that the cases Defendants cite in support of their motion are all excessive force cases. In excessive force lawsuits, there is a stronger possibility of confusion where there may be differing standards when comparing agency policies and constitutional law as to the reasonable use of force. Here, Shatner states that his is an Eighth Amendment deliberate indifference to serious medical needs case, and that the IDOC regulations and administrative policies that he would like to introduce at trial pertain to lockdown procedures. As such, any confusion among the jurors should be minimal.

The Court will defer ruling on this motion. At the final pretrial conference, parties should be prepared to discuss this issue. Shatner should be also prepared to discuss which IDOC regulations and administrative directives he would like to introduce at trial.

**f. The Court should prohibit Plaintiff and his witnesses from testifying at trial regarding the diagnosis of medical or mental health conditions or necessity of any course of treatment**

Defendants argue that that Shatner is not a medical professional and that "any uninformed opinions or lay accounts proffered by [Plaintiff] regarding the diagnosis of medical conditions or necessity for a specific course of treatment should be barred." Shatner argues that Defendants' motion is overbroad and that he should be permitted to testify as to his own perceptions as to his physical and mental health.

Defendants' motion is granted in part and denied in part.  Plaintiff and his witnesses may testify as to their own personal experiences and observations, but Plaintiff and his witnesses shall be prohibited from testifying as to the causation of any specific medical diagnosis.  *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

**IT IS SO ORDERED.**
**DATED: November 16, 2017.**

>                        *s/ Reona J. Daly*
>                        **REONA J. DALY**
>                        **UNITED STATES MAGISTRATE JUDGE**