IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN W. SHATNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-704-RJD |
| MIKE ATCHISON, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Brief Regarding Inmate Grievance (Doc. 145) and Defendants' response thereto (Doc. 146). Familiarity with the posture and issues in this case is presumed.

A final pretrial conference was held in this matter on November 21, 2017. At the hearing, Defendants objected to the admissibility of a grievance prepared by Plaintiff on March 19, 2013, on the basis of hearsay. The Court allowed additional briefing on the issue.

In his brief, Plaintiff asserts that he does not intend to introduce the grievance to prove the truth of the matter asserted; rather, Plaintiff contends he aims to demonstrate notice to prison personnel as "the mere fact that [he] filed a grievance makes it more probable that Defendants were placed on notice of his medical condition." Plaintiff relies on *Waldrop v. Wexford Health Sources, Inc.*, wherein the district court considered the plaintiff's grievances, over the defendant's hearsay objections, finding the grievances were offered for the non-hearsay purpose of demonstrating that the plaintiff merely filed a grievance. No. 12-C-06031, 2015 WL 3537854, n.4 (N.D. Ill. June 3, 2015).

Plaintiff's argument is unavailing. Unlike the grievances in *Waldrop*, the grievance here is not being offered to merely establish the fact that Plaintiff submitted a grievance. Plaintiff intends to use this grievance to demonstrate Defendants were notified of his medical condition and the issues related to his treatment for the same. Plaintiff's grievance, however, was clearly never received or reviewed by either Defendant, as it appears to have been written while Plaintiff was at Pontiac Correctional Center and was submitted directly to the Administrative Review Board. While the Court recognizes that statements in the grievance reference Defendant Atchison and staff at Menard, said statements would have to be believed in order to establish notice. This is the definition of hearsay.

Further, Plaintiff's argument that "[t]he fact that Mr. Shatner indicated in his grievance that he held Mr. Atchison responsible for his medical condition makes the existence of a central fact in this case more probable than it would be without the evidence" is misplaced insofar as it relates to relevancy. The Court declines to consider the issue of relevancy as it finds the grievance constitutes inadmissible hearsay.

**IT IS SO ORDERED.**

**DATED: December 7, 2017**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**