IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN W. SHATNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-704-RJD |
| MIKE ATCHISON, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

### INTRODUCTION

Plaintiff Darrin Shatner, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff proceeded to trial on a claim of deliberate indifference against Defendants Warden Atchison and Warden Harrington. On December 13, 2017, the Court entered final judgment in this matter in favor of Defendants following a jury trial before the undersigned (*See* Doc. 159).

On January 12, 2018, Plaintiff filed a motion for a new trial, or to alter, amend, or void judgment (Doc. 165). This motion is **MOOT** in light of Plaintiff's filing an amended motion for a new trial, or to alter, amend, or void judgment (Doc. 172). Plaintiff's amended motion for a new trial is now before the Court. For the reasons set forth below, the motion is **DENIED**.

### RELEVANT BACKGROUND

Plaintiff brings his motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Plaintiff complains that the judgment entered by the undersigned is void, arguing he

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN W. SHATNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-704-RJD |
| MIKE ATCHISON, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

### INTRODUCTION

Plaintiff Darrin Shatner, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff proceeded to trial on a claim of deliberate indifference against Defendants Warden Atchison and Warden Harrington. On December 13, 2017, the Court entered final judgment in this matter in favor of Defendants following a jury trial before the undersigned (*See* Doc. 159).

On January 12, 2018, Plaintiff filed a motion for a new trial, or to alter, amend, or void judgment (Doc. 165). This motion is **MOOT** in light of Plaintiff's filing an amended motion for a new trial, or to alter, amend, or void judgment (Doc. 172). Plaintiff's amended motion for a new trial is now before the Court. For the reasons set forth below, the motion is **DENIED**.

### RELEVANT BACKGROUND

Plaintiff brings his motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Plaintiff complains that the judgment entered by the undersigned is void, arguing he

should be granted a new trial because he never consented to proceed before a magistrate judge. More specifically, Plaintiff explains that his assigned counsel in this matter consented to proceed before the undersigned on his behalf, but without his knowledge or consent. Accordingly, Plaintiff maintains that his consent to proceed was not valid as his counsel could not consent on his behalf without his approval. Plaintiff asserts he was misled and deceived to proceed at trial before a magistrate judge, and he has no recollection of any person at trial referring to the undersigned as a magistrate. Plaintiff also contends it was erroneous for the undersigned to allow Defendants to elicit testimony that he was in the Latin Kings gang and to disallow a jury instruction on punitive damages.

In support of his motion, Plaintiff submits a letter dated January 24, 2018, wherein Plaintiff's assigned counsel, Matthew Diehr, indicates that he thought he had sent correspondence indicating he would consent to a magistrate; however, Mr. Diehr writes that he has not located any such correspondence, so he does not believe he informed Plaintiff that he had consented to the undersigned (Doc. 172 at 12). Plaintiff also submits a recording in a matter pending in the Central District of Illinois wherein Magistrate Judge Hawley informed Plaintiff that any judgments entered by a magistrate judge on a case to which he did not voluntarily consent would be void. Plaintiff also filed a supplement to his amended motion in which he sets forth additional arguments and authority that he contends support his position (Doc. 176).

Defendants object to the relief Plaintiff seeks (Doc. 173). Defendants argue that Plaintiff, through his attorney, provided clear, unambiguous, and unequivocal consent on the record. Defendants point out that at no point during the proceedings, including trial, did Plaintiff or his attorney withhold, withdraw, or call into question his consent. Defendants further assert that the Seventh Circuit does not distinguish between retained and appointed counsel as it relates to errors

committed by an attorney, remarking that such issues are limited to redress in malpractice disputes. Defendants argue they should not be penalized for the issue that has now arisen as they did not cause it and they would be greatly prejudiced if they have to re-try the case. Finally, Defendants aver that the undersigned properly allowed testimony about Plaintiff's gang affiliations because he opened the door to such questioning and properly omitted a jury instruction on punitive damages as there was no evidence or testimony to support such an instruction.

## LEGAL STANDARDS

Rule 59 allows the Court to grant a new trial on all or some of the issues, for any reasons for which a new trial has been granted in federal court. FED. R. CIV. P. 59(a)(1)(A). "In ruling on a motion for a new trial under Rule 59(a), the Court must determine whether the jury verdict was against the weight of the evidence or if the trial was unfair to the moving party." *Purtell v. Mason*, No. 04 C 7005, 2006 WL 2037254, at 3 (N.D. Ill. July 18, 2006) (citing *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004)).

In deciding whether a new trial is appropriate on fairness grounds, the Court must be guided by the principle that "civil litigants are entitled to a fair trial, not a perfect one," and "a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties." *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993).

Further, Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-

founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

**DISCUSSION**

**1. Consent to Proceed before a Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), a United States magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court," and when all parties have consented. 28 U.S.C. § 636(c). "The statute does not require a specific form or time of consent," or even require that it be in writing. *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987). However, the consent must be "clear and unambiguous." *Jaliwala v. United States*, 945 F.2d 221, 224 (7th Cir. 1991).

It is well settled in this Circuit that in civil litigation counsel is the client's agent; accordingly, the client need not sign documents personally. *Noah v. Mancari's Chrysler Plymouth Jeep Eagle, Inc.*, 57 F. App'x 708, 709 (7th Cir. 2003). Tactical choices are commonly left to lawyers and the Seventh Circuit has explicitly applied this principle to consent forms bearing only counsel's signature. *Id.* (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059-60 (7th Cir. 2000); *Germane v. Heckler*, 804 F.2d 366, 370 (7th Cir. 1986)). Indeed, in *Noah*, the Court recognized that although a client may withhold particular powers from counsel, "[j]udgments are not 'void' because a lawyer with apparent authority to act in a particular way may have lacked actual authority to do so." *Noah*, 57 F. App'x at 709.

In this instance, Plaintiff's attorney gave clear, unequivocal consent to proceed through final judgment before a magistrate judge (*see* Doc. 103). Although Plaintiff may now disagree with this decision, he has failed to cite any case law to support his position that his attorney's

actions are not binding on him[1]. In contrast, there is support for the proposition that Plaintiff in this case is bound by the actions of his attorney. *See Noah*, 57 F. App'x at 709; *see also Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.*, 31 F.Supp.2d 1062, 1083-84 (N.D. Ill. Jan. 8, 1999). Further, there was no indication at the time consent was filed through the time judgment was entered that Plaintiff had any objection to such consent. The Court also notes that there was no intent to deceive or mislead Plaintiff at trial, as the undersigned clearly stated, on the record, during the first day of trial: "My name is Reona Daly, and I am a Magistrate Court Judge presiding over the matter before us this morning" (Doc. 182 at 2). Plaintiff was present during the proceedings and did not object or otherwise notify the Court of any issue concerning the undersigned's position as a magistrate judge. Thus, the Court finds Plaintiff's contention that he did not realize the undersigned was a magistrate judge until he received a copy of the judgment disingenuous. Only after judgment was entered against Plaintiff did he file any objection to the same. While the undersigned admittedly did not explicitly confirm Plaintiff's consent for this case to be tried by a magistrate judge at trial (as such a practice is neither routine nor required), Plaintiff engaged in this litigation without objection for almost one year, through trial and a jury verdict, with a magistrate judge presiding. As recognized by the Seventh Circuit in *Stevo v. Frasor*, "[i]t would frustrate justice and reason to permit such parties to wait until they learn that they have lost before citing technical defects in the form of any party's consent to secure a do-over." 662 F.3d 880, 884 (7th Cir. 2011) (citation omitted).

---

[1] The Court is mindful of the fact that Plaintiff's attorney was assigned rather than retained; however, such circumstance has little bearing here as the Seventh Circuit recognizes that once a lawyer accepts a court's appointment of counsel, the court expects that lawyer to treat her client as she treats all clients. *Dunphy v. McKee*, 134 F.3d 1297, 1301 (7th Cir. 1998) (citations omitted).

Simply put, the circumstances Plaintiff now complains of are not sufficient to warrant a new trial or void judgment under Rules 59 or 60. While *Noah* indicates that "[d]efects *may* be cured in the original case [concerning consent] if brought to judicial attention promptly," and that "[a] shortfall of actual authority [may be] reason to move within the time provided by Fed. R. Civ. P. 59 for reconsideration," the Court does not find reconsideration warranted in this instance. Unlike *Noah*, which was decided on summary judgment, this case was heard before a jury that rendered a verdict against Plaintiff. Plaintiff has made no compelling argument that the jury's verdict is against the manifest weight of the evidence or that the trial was otherwise not fair to Plaintiff. Moreover, for the reasons stated above, Plaintiff's counsel had apparent authority to consent to the magistrate judge on behalf of Plaintiff and, in reliance on this authority, this matter proceeded to trial. Plaintiff was further notified that the undersigned is a magistrate judge and would be conducting the trial, but he failed to address this issue prior to a verdict being rendered.

## 2. Testimony Related to Gang Affiliation

Plaintiff also contends that a new trial or amended judgment is warranted because Defendants were allowed to reference his gang affiliation over the ruling of a pretrial motion in limine (Plaintiff fails to point to any particular motion in limine). First, Plaintiff incorrectly states that such testimony was elicited in contravention of a ruling on a motion in limine. The only plausible motion Plaintiff may be referencing is his motion to prohibit evidence of crimes for which he was incarcerated. Plaintiff's gang affiliation in prison clearly does not fit within the parameters of the Court's ruling on this motion. Moreover, Plaintiff opened the door to testimony about his gang affiliation insofar as he testified that he had twenty years of non-violence in IDOC custody, but was incarcerated in a high-aggression cell house. Because the testimony concerning Plaintiff's gang affiliation was relevant and appropriate and Plaintiff did not object to the same

during questioning, the admission of such testimony does not satisfy the standards set forth in Rules 59 or 60 for a new trial.

3. **Jury Instructions**

Finally, Plaintiff asserts that a new trial or relief from judgment is warranted because the jury instructions were erroneous and no punitive damages instruction was provided. Because Plaintiff cites to no faulty jury instruction aside from the Court's failure to issue a punitive damages instruction, the Court limits its discussion to the punitive damages issue. As the punitive damages instruction could have no bearing here because the jury found in favor of Defendants on all counts, the Court denies Plaintiff's Rule 59 and Rule 60 motions on this issue.

**IT IS SO ORDERED.**

**DATED: September 27, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**