IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIN W. SHATNER, )
)
    Plaintiff, )
)
v. ) Case No. 3:13-cv-704-RJD
)
MIKE ATCHISON, et al., )
)
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Darrin W. Shatner is an inmate in the Illinois Department of Corrections. His claims in this matter were tried before a jury in December 2017, and the jury found in favor of Defendants. Judgment was entered on December 13, 2017.

Now pending before the Court is the Bill of Costs filed by Defendants on December 20, 2017 (Doc. 161). Defendants seek to have Plaintiff pay $534.65 for deposition transcripts used in defending the case. Defendants, however, failed to provide the Court with a receipt evidencing the cost of obtaining Plaintiff's deposition transcript. Defendants provided receipts reflecting costs in the amount of $363.15 for the depositions of Michael Atchison and Richard Harrington. Plaintiff filed an objection on October 19, 2018 (Doc. 187), as well as two supplemental briefs (Docs. 189 and 190).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts

necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.* To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 7). However, despite his *pauper* status, Plaintiff attested on November 15, 2018 that he had approximately $1,200 in his trust fund account. Plaintiff explains he received $1,000 in settlement monies and received an early inheritance, which he used to pay four filing fees owed to this court. A review of his trust fund account statement detailing transactions from October 2017 to July 2018 reveals he had a balance of $719.51 as of July 24, 2018 (*see* Doc. 190 at 14). Based on a review of Plaintiff's evidence, the Court cannot find that Plaintiff is incapable of paying court-imposed costs in this

case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $143.90. This amount represents 20% of Plaintiff's trust fund account balance in July 2018 and is consistent with the Court's approach for its collection of filing fees under 28 U.S.C. § 1915(b)(1). The Court **ORDERS** an award of costs in the total amount of $143.90 to Defendants Mike Atchison and Richard Harrington.

**IT IS SO ORDERED.**

**DATED: May 21, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**